UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE:

Angela Amerson,

DEBTOR.

_____/

CHAPTER 13
CASE NO. 19-40267-PJS
JUDGE PHILLIP J. SHEFFERLY

## TRUSTEE'S AMENDED OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

**NOW COMES** the Chapter 13 Standing Trustee, David Wm. Ruskin, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to Local Bankruptcy Rule 3015 as follows:

1. The Proof of Claim filed by the Department of the Treasury – Internal Revenue Service indicates that Debtor has not filed tax returns for 2014 and 2015. The Plan does not comply with 11 USC Sections 1308 and 1325(a)(9)

2. The Plan proposes to treat Wells Fargo Mortgage as an ongoing claim secured by property other than Debtor's principal residence. The claim of Wells Fargo Mortgage is secured by real property located at 2789 Birchwood Drive, Waterford, Michigan which is Debtor's principal residence. Debtor's misclassification of this claim results in Debtor's Plan lacking compliance with 11 USC Section 1325(a)(5).

3. Debtor's Plan proposes to retain the real property located at 2789 Birchwood Drive, Waterford, Michigan and to pay the obligation to Wells Fargo Mortgage secured by that property directly. Debtor testified at the First Meeting of Creditors that Wells Fargo Mortgage has previously foreclosed the mortgage on the property leaving Debtor with no equitable interest in the property and no ability to cure or maintain the default on the property. Further, even if Debtor could cure and maintain the default on the property, there is no basis for direct payment of this obligation. Under the circumstances, Debtor's Plan does not comply with 11 USC Section 1325(a)(5) , 11 USC Section 1325(b), 11 USC Section 1326(c) or Local Bankruptcy Rule 3070-1.

1

4. Section II.C.2 indicates that Debtor's Plan proposes less than 100% dividend to unsecured creditors and states that Debtor's Schedule I does not include a proration for anticipated tax refunds. However, Debtor's Schedule J appears to include a proration of $300.00 per month for future tax refunds. In light of this conflict, Debtor's Plan does not comply with 11 USC Section 1325.

5. Class 9 of the Chapter 13 Plan does not indicate a dividend to unsecured creditors. As a result, Debtor's Plan does not comply with 11 USC Section 1325(a)(4).

6. The amount of the proposed funding in the Plan is not sufficient to pay all claims as proposed in the Plan (the Plan is underfunded). Therefore, the Plan does not to provide for the submission of sufficient future earnings or future income for the execution of the Plan as required by 11 USC 1322(a)(1).

7. Debtor's Schedule A/B indicates that Debtor does not own any electronics. Debtor testified at the First Meeting of Creditors that Debtor has multiple electronics including four or five television sets with an aggregate value of at least $1,000.00. Debtor's non-disclosure of all of Debtor's assets violates 11 USC Section 521 resulting in the Plan lacking compliance with 11 USC Section 1325(a)(1). Further, the Liquidation Analysis attached to Debtor's Chapter 13 Plan does not include the value of these assets resulting in the Plan lacking compliance with 11 USC Section 1325(a)(4).

8. The Plan does not provide that 100% of profit sharing funds and/or bonuses received or entitled to be received by Debtor since commencement of Debtor's case be remitted to the Trustee for distribution among creditors as required by 11 USC Section 1325(b) and *In re Freeman*, 86 F.3d 478 (6th Cir., 1996).

9. Based upon an average of Debtor's pay stubs dated December 27, 2018 and January 10, 2019, Debtor has average monthly gross income of $6,884.35, and average monthly net amount of $4,370.46. Debtor's Schedule I understates Debtor's monthly net income by approximately $588.44. Debtor's Plan does not comply with 11 USC Section 1325(b)(1)(B) and 11 USC Section 1325(a)(3).

10. Debtor's Schedule I deducts $606.00 per month as a mandatory retirement contribution. Debtor's paystubs provided to the Trustee indicate that Debtor's actual retirement contribution is $278.00 per month. Debtor's Schedule I appears to significantly overstate the actual amount being contributed by Debtor to her retirement. Debtor's Plan does not comply with 11 USC Section 1325(b).

11. The Plan does not increase its funding upon the termination of the obligation of Debtor's retirement loan pursuant to 11 USC 1325(b)(1)(B) and 11 USC 1325(a)(3).

12. Debtor testified at the First Meeting of Creditors that Debtor may need to retain Counsel to assist Debtor's dependent son in prosecuting a Social Security Disability claim. To the extent that Debtor intends to retain Counsel, Debtor's Plan should require Debtor to obtain authorization of this Court to retain and compensate Counsel in order to ensure compliance with 11 USC Section 327, 11 USC Section 330, and 11 USC Section 1325.

**WHEREFORE,** the Chapter 13 Standing Trustee requests this Honorable Court deny confirmation of Debtor's Chapter 13 Plan unless modified to meet these objections.

OFFICE OF DAVID WM. RUSKIN, STANDING
CHAPTER 13 TRUSTEE

Dated: March 15, 2019

By: _/s/ Thomas D. DeCarlo__
LISA K. MULLEN (P55478)
THOMAS D. DECARLO (P65330)
Attorneys for Chapter 13 Trustee,
David Wm. Ruskin
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
Telephone (248) 352-7755

3

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

**IN RE:**

|  |  |
|---|---|
| Angela Amerson, | CHAPTER 13 |
| | CASE NO. 19-40267-PJS |
| DEBTOR. | JUDGE PHILLIP J. SHEFFERLY |
| _____/ | |

## CERTIFICATE OF SERVICE OF TRUSTEE'S AMENDED OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

I hereby certify that on March 18, 2019, I electronically filed the Trustee's Amended Objections to Confirmation of Chapter 13 Plan with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

> SWEENEY LAW OFFICES PLLC
> 25140 Lahser Rd Ste 252B
> Southfield, MI 48033-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

> Angela Amerson
> 2789 Birchwood Drive
> Waterford, MI 48329-0000

> _____/s/ Vanessa Wild____
> Vanessa Wild
> For the Office of David Wm. Ruskin
> Chapter 13 Standing Trustee - Detroit
> 1100 Travelers Tower
> 26555 Evergreen Road
> Southfield, MI 48076-4251
> (248) 352-7755